**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Amaphia Kareem Mayes, | ) | |
| | ) | |
| Petitioner, | ) | 4:05-cv-03376-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

      On December 2, 2005, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On December 6, 2005, the government moved for summary judgment. On December 15, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On January 11, 2006, the petitioner filed his opposition to the government's motion for summary judgment. This matter is now before the Court for disposition.

      On March 7, 2000, a federal grand jury charged the petitioner and other persons in a six count indictment. On May 1, 2000, the petitioner pled guilty to Count One of the indictment, which charged the petitioner with possession with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. §841(a)(1). On October 25, 2000, the court granted the petitioner a downward departure and sentenced the petitioner to 180 months in prison followed by three years of supervised release for this offense. On November 13, 2000, the court entered judgment. On April 24, 2002, the Court granted the government's Rule 35(b) motion and further reduced the petitioner's sentence to 120 months in prison, followed by three years of supervised

release.

On November 14, 2002, the petitioner filed a petition pursuant to 28 U.S.C. § 2255. On July 10, 2003, the Government filed a response to the petitioner's action and moved for summary judgment. On April 20, 2004, the Court granted the government's motion for summary judgment. On June 21, 2004, the petitioner filed a notice of appeal and certificate of appealibility. On November 10, 2004, the Fourth Circuit Court of Appeals denied a certificate of appealibility pursuant to 28 U.S.C. § 2255.

The petitioner's second § 2255 petition has not been certified by the Fourth Circuit as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

> Under the AEDPA, an individual may not file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. [A] court of appeals may authorize the filing of a second or successive § 2255 motion only if the movant's application contains a claim based upon . . . newly discovered evidence . . . or . . . a new rule of constitutional law.

In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

The Court therefore dismisses the petition without prejudice to allow the petitioner to seek permission from the Fourth Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

February 10, 2006
Charleston, South Carolina